NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10569 |
| Plaintiff - Appellee, | D.C. No. CR. 09-00678-JAT |
| v. | |
| STEPHEN ROSS RABOY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted October 12, 2011
San Francisco, California

Before: B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Appellant Stephen Ross Raboy ("Raboy") seeks reversal of his jury

conviction for three bank robberies. We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

Raboy argues that the photographic lineup used by law enforcement violated

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

his due process rights because his picture was the only one showing a person with a ponytail. Thus, he argues that the photo lineup was impermissibly suggestive and tainted the subsequent in-court identification testimony.

Even were the pre-trial identification procedure impermissibly suggestive, the totality of the circumstances indicates that the eyewitness identifications of Raboy had sufficient aspects of reliability. *See United States v. Bagley*, 772 F.2d 482, 492 (9th Cir. 1985) ("If under the totality of the circumstances the identification is sufficiently reliable, identification testimony may properly be allowed into evidence even if the identification was made pursuant to an unnecessarily suggestive procedure."); *see also Manson v. Brathwaite*, 432 U.S. 98, 106 (1977). All three bank robberies occurred during the daytime. The five witnesses had ample opportunity to view Raboy, one-on-one, at close range, for the entire duration of the respective robberies. Further, all of the witnesses provided specific details about Raboy's facial features and body type that were consistent with Raboy's overall appearance.

The subsequent in-court identifications were also reliable. Four of the five witnesses identified Raboy at trial without expressing hesitation, and there is no evidence to suggest that the witnesses based their in-court identifications on anything other than their independent memories or recollections of the incidents.

Finally, there was significant circumstantial evidence supporting the conviction. This evidence includes DNA evidence linking Raboy to the robberies and items seized from his residence such as two-way radios, a list of police and medical scanner frequencies, and a note that read "Bomb. Big bills. No dye-no GPS, no alarms, or else." Thus, any potential error in admitting the testimony was harmless beyond a reasonable doubt. *See Neder v. United States*, 527 U.S. 1, 15 (1999) (stating that constitutional error must be harmless beyond a reasonable doubt).

**AFFIRMED.**